UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENSCO TRUST COMPANY CUSTODIAN FBO JEFFREY D. HERMANN, IRA ACCOUNT NUMBER 20005343,

Plaintiff,

v.

LORINA DELFIERRO, *et al.*,

Defendants.

CASE NO. C16-1926 RSM

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant Delfierro's Counterclaims in this action. Dkt. #33. Plaintiff argues that Defendant's Counterclaims are barred by the doctrine of *res judicata*. *Id.* Defendant filed a Response, but the Court has stricken it as untimely. Dkts. #38, #39 and #42. For the reasons set forth below, the Court now GRANTS Plaintiff's motion.

## II. BACKGROUND

Plaintiff filed the instant action in King County Superior Court on November 14, 2016, seeking a judicial foreclosure on Ms. Delfierro's residential property. Dkt. #4. On December 16, 2016, Defendant Delfierro removed the action to this Court on the basis of diversity jurisdiction. Dkt. #1. Defendant subsequently filed an Amended Answer in this matter and

ORDER
PAGE - 1

alleged four Counterclaims against Plaintiff for: 1) Wire Fraud under 18 U.S.C. § 1343; 2) violations of 18 U.S.C. § 152; 3) violations of Washington's Consumer Protection Act; and 4) False Claims. Dkt. #31 at Counterclaims ¶ ¶ 4.1-4.23. Although difficult to discern from the Amended Answer, Defendant alleges as the bases for her Counterclaims that there is no effective chain of title with respect to her property, that certain sums of money have not been accounted for and have been taken fraudulently, and that certain title documents have been improperly re-sequenced. *Id.* Plaintiff now moves to dismiss the Counterclaims as barred by the doctrine of *res judicata.*

### III. DISCUSSION

**A. Legal Standards**

*1. 12(b)(6) Motions*

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief may be granted. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, a plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court typically limits its Rule 12(b)(6) review to allegations set forth in the Complaint (in this case, the Counter Complaint), the Court may also consider documents of which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court takes judicial notice of and considers herein the documents attached to Plaintiff's Request for Judicial Notice, which are documents from prior judicial proceedings directly affecting the instant matter. Dkt. #7 and Exhibits A-E thereto. The Court may properly take judicial notice of documents such as these whose authenticity is not contested, and which are proceedings in other courts so long as those proceedings have a direct relation to the matters at issue in the case before the Court. *Allen v. City of Los Angeles,* 92 F.3d 842 (9th Cir. 1992) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo,* 971 F.2d 244, 248 (9th Cir. 1992)), *overruled in part on other grounds by Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997).

2. *Res Judicata*

The doctrine of *res judicata* "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations omitted); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.") (internal quotations omitted). The doctrine serves the important public policy of providing "an end to litigation" and ensures that "matters once tried shall be considered forever settled as between the parties."

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401-02, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981).

To determine whether a subsequent lawsuit involves the same causes of action as a prior suit, the Court must consider the following four factors: (1) whether rights established by the prior judgment would be impaired by prosecution of the second action, (2) whether both actions present substantially the same evidence, (3) whether both actions involve infringement of the same right, and (4) whether both actions arise out of the same transactional nucleus of facts. *Costantini*, 681 F.2d at 1201-02. Of these four factors, the last is most important. *Id.* at 1202; *see also Owens*, 244 F.3d at 714 ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.") (internal quotations omitted).

### B. Defendant Delfierro's Counterclaims

Ms. Delfierro has made a number of Counterclaims arising from her allegation that Plaintiff/Counter-Defendant Pensco Trust has improperly re-recorded certain documents to correct errors with the chain of title. Dkt. #31 at *Counterclaim Facts*, ¶¶ 3.1-3.16. Although Ms. Delfierro recognizes that there has been prior litigation between the same parties involving the same property which included chain of title issues, it appears she is now claiming that the re-recording of documents after the prior litigation concluded has given rise to the instant Counterclaims. *Id*.

Defendant argues that all of the elements of *res judiccata* are met with respect to these Counterclaims. Dkt. #33 at 6-9. First, it argues that the prior litigation involved substantially the same claims. The Court agrees. Indeed, Ms. Delfierro's Counterclaims in this litigation continue to attack Plaintiff's ownership of the mortgage note, and focus on alleged title defects.

ORDER
PAGE - 4

Dkt. #31 at ¶ ¶ 3.6-3.14. Claims regarding Plaintiff's ownership have already been litigated and resolved in Plaintiff's favor. Dkt. #34, Exhibit E at sub-exhibit H. After hearing evidence and argument in a bench trial, state court Judge Carol A. Schapira concluded that "PENSCO is the beneficial owner of the Note and Deed of Trust with power and authority to enforce the same." *Id.* While the record reflects that multiple Assignments of Deeds of Trust were rerecorded in 2015 to "correct recording sequence," Dkt. #34, Ex. E at sub-exhibits D, E and G, Judge Schapira noted that the documents had not been recorded at the time of her decision, but reached the same conclusion with respect to PENSCO's interest in the Note. *Id.* ("Although this particular Assignment of Deed of Trust has not yet been recorded, it remains valid between the signatories," . . . . "The Court finds Plaintiff has not proven there is any other claimant other than PENSCO to the beneficial interest in her Note and Deed of Trust."). Thus, the Court finds that even though Ms. Delfierro focuses on the fact that some title documents were rerecorded after the prior litigation concluded, the Counterclaims are still aimed at attacking whether PENSCO is the beneficial owner of the Note. Further, the actions appear to present substantially the same evidence, and arise out of substantially the same nucleus of facts. Accordingly, the first element if the doctrine of *res judicata* – identity of claims – is met.

Moreover, there appears no dispute that the second and third elements – final judgment on the merits and identity or privity between parties – are also met. Accordingly, the Court agrees that the doctrine applies and Defendant Delfierro's Counterclaims are hereby dismissed.

### IV. CONCLUSION

Having reviewed Plaintiff/Counter-Defendant's Motion to Dismiss (Dkt. #33), the documents in support thereof, and the remainder of the record, the Court hereby ORDERS:

1. Plaintiff/Counter-Defendant's Motion to Dismiss (Dkt. #33) is GRANTED.

2. Defendant/Counter-Plaintiff Delfierro's Counterclaims are DISMISSED in their entirety.

3. The parties' motions for summary judgment remain pending and will be resolved by separate Order in due course.

DATED this 21st day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE