1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENSCO TRUST COMPANY          )   CASE NO. C16-1926 RSM
CUSTODIAN FBO JEFFREY D.       )
HERMANN, IRA ACCOUNT NUMBER    )
20005343,                      )
                               )   ORDER GRANTING PLAINTIFF'S
                               )   MOTION FOR SUMMARY JUDGMENT
          Plaintiff,           )   AND DENYING DEFENDANT'S
                               )   MOTION FOR SUMMARY JUDGMENT
     v.                        )
                               )
LORINA DELFIERRO, *et al.*,    )
                               )
          Defendants.          )

## I.    INTRODUCTION

This matter comes before the Court on the parties' cross Motions for Summary

Judgment.[1]  Dkts. #44 and #45.  Plaintiff argues that it is entitled to judgment as a matter of law

because there are no genuine disputes as to any material fact, and the record definitively

demonstrates that it is entitled to foreclose on Defendant Delfierro's property.   Dkt. #44.

Defendant Delfierro asserts that Plaintiff lacks standing to bring this action, and therefore the

claims should be dismissed in their entirety.  Dkt. #45.  For the reasons set forth below, the Court

now GRANTS Plaintiff's motion and DENIES Defendant's motion.

---

[1]  Although Defendant also seems to conflate her Motion for Summary Judgment with a Motion
to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. #45 at 2, the Court
treats the motion as one for summary judgment and will review the full record before it.

ORDER
PAGE - 1

## II. BACKGROUND

Plaintiff filed the instant action in King County Superior Court on November 14, 2016, seeking a judicial foreclosure on Ms. Delfierro's residential property. Dkt. #4. On December 16, 2016, Defendant Delfierro removed the action to this Court on the basis of diversity jurisdiction. Dkt. #1. Defendant subsequently filed an Amended Answer in this matter and alleged four Counterclaims against Plaintiff for: 1) Wire Fraud under 18 U.S.C. § 1343; 2) violations of 18 U.S.C. § 152; 3) violations of Washington's Consumer Protection Act; and 4) False Claims. Dkt. #31 at Counterclaims ¶ ¶ 4.1-4.23. Although difficult to discern from the Amended Answer, Defendant alleges as the bases for her Counterclaims that there is no effective chain of title with respect to her property, that certain sums of money have not been accounted for and have been taken fraudulently, and that certain title documents have been improperly re-sequenced. *Id.* Plaintiff moved to dismiss the Counterclaims as barred by the doctrine of *res judicata*, which this Court granted. Dkt. #48. The instant motions are now ripe for review.

## III. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

The parties have both moved for summary judgment. However, cross motions for summary judgment do not warrant the conclusion that one of the motions must be granted. The Court must still determine whether summary judgment for either party is appropriate. *See Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136-1137 (9th Cir. 2001).

**B. Plaintiff's Motion**

Plaintiff moves for judgment as a matter of law on the bases that: 1) it has standing to foreclose on the subject property; 2) Defendant is in default on the mortgage loan; and 3) all preconditions to foreclosure have been met. Dkt. #44. The Court agrees that Plaintiff has provided sufficient evidence to satisfy these assertions.

First, in its prior Order dismissing Defendant's Counterclaims, the Court affirmed what the Washington state court had already determined – Plaintiff is the beneficial owner of the mortgage note, "<u>with power and authority to enforce the same</u>." Dkt. #48 at 5 (emphasis added). Further, the record is clear that shortly after loan origination, Defendant Delfierro defaulted on her obligation to make her mortgage payments, and Ms. Delfierro does not dispute that in her

response to summary judgment. Dkt. #34. Ex. E. As a result, Plaintiff is entitled to bring an action to foreclose on the subject property under the terms of the Note and the Deed of Trust.

In her own motion, and in response to Plaintiff's Motion for Summary Judgment, Defendant does not discuss her default on the mortgage loan, nor does she point to any evidence that would raise a genuine dispute as to the fact that she has defaulted on her payments. *See* Dkts. #45 and #51. Instead, Defendant asserts that Plaintiff, as a mere "account," does not have standing to bring this action. *Id.* She seems to argue that Jeffrey Hermann, as the beneficiary of the account, is the real party in interest, but that the account itself has no ability to bring the foreclosure claim. Dkt. #45 at 3-9. Federal Rule of Civil Procedure 17(a) states that "An action must be prosecuted in the name of the real party in interest." Thus, the question before this court is who the real party in interest is. To resolve this question, the Court must look at the structure of Plaintiff.

In recognizing Plaintiff as the beneficial owner of the mortgage note, the state court noted that PENSCO is the custodian of an IRA account. *See* Dkt. #34, Ex. A at ¶ 21. As such, Defendant asserts that it has no capacity to sue. Plaintiff provides little assistance to the Court in response. Rather than address the legal authority cited by Defendant, Plaintiff summarily points to the state court finding that Plaintiff is the beneficial owner of the note with power and authority to enforce the same. Dkt. #50 at 4. Plaintiff then states in conclusory manner that "[m]ortages are continually held in a variety of accounts and trusts, and to assert that this is not the correctly named party is unsupported by any authority." *Id.*

Contrary to Plaintiff's assertion, there is some authority, albeit limited, to support Defendant's assertion. Indeed, the District of Utah has addressed this issue, relying in part on

the same authority cited by Defendant. In *Deem v. Baron*, the United States District Court for

the District of Utah explained:

> . . . At least two federal cases have found that an owner of a self-directed IRA has standing to sue on behalf of his or her own IRA. In the New York case of *Vannest v. Sage, Rutty & Co., Inc.*, a plaintiff sued his securities broker for fraud and related activities. The broker argued that Plaintiff could not recover because it was not he who had purchased the securities, but his self-directed IRA. The court held that Plaintiff was the true purchaser and so he had standing: "Because Vannest controlled the investment decisions, he certainly was a purchaser/seller for all practical purposes. Investors in self-directed IRAs have standing as "purchasers/sellers" to assert claims under the securities laws."
>
> The second federal case dealing with this issue, *FBO David Sweet IRA v. Taylor,* has a similar fact situation to this case. Plaintiff Sweet was the sole decision maker on all investments and actions on behalf of his IRA. Equity Trust Company (ETC), an independent company which was the holding company/administrator for the IRA, did not provide investment advice or related services. The court in *FBO David Sweet IRA* determined that "a Self-Directed IRA, like the one at issue here, is unique in that the owner or beneficiary of the IRA acts as a trustee for all intent and purposes. While the IRS and SEC require that all IRA's be placed with a holding company that serves as a trustee or custodian of the account, it is the owner of the Self-Directed IRA who manages, directs, and controls the investments." The court then found that for purposes of the case, "ETC served as merely a holding company while Sweet acted as trustee of his Self-Directed IRA. Accordingly, Sweet's suit on behalf of David Sweet IRA is proper."
> In the case before the court, the actual agreement between Plaintiff David Law, and the custodian, American Pension Services, clearly states that the owner, David Law, not the custodian, has sole responsibility for decisions. The custodian was to have "no responsibility." Following the logic of the *Vannest* case and the *FBO David Sweet IRA* case, which this court finds compelling, the Plaintiffs, not the holder or custodian of the IRA are the true parties in interest. Since the custodian/holder has not been involved in the decision-making process, it lacks the knowledge of the facts which would allow it to bring this action.
>
> Since the Plaintiffs named in this action are the true and real parties in interest on every contract which form the basis of this action and since they are the ones most knowledgeable of all of the facts and circumstances surrounding those contracts, and since they are also the ones for whose benefit all of the transactions were performed, they are the appropriate parties to prosecute the case. . . .

ORDER
PAGE - 5

2016 U.S. Dist. LEXIS 50681, *2-6 (D. Utah Apr. 14, 2016); *see also FBO David Sweet IRA v. Taylor*, 4 F. Supp.3d 1282, 1284-85 (M.D. Ala. 2014) ("While the Court can find no cases specifically addressing whether the beneficiary of a Self-Directed IRA, the IRA itself, or the IRA holding company is the proper party to bring suit, . . . under Alabama law, a beneficiary may not typically bring an action against a third-party, even when adversely affected. . . . However, a Self-Directed IRA, like the one at issue here, is unique in that the owner or beneficiary of the IRA acts as a trustee for all intensive purposes. Moreover, sole management and control of the IRA rests with Sweet. It is Sweet alone who is "responsible for the selection, due diligence, management, review and retention of all investments in [his] account," (Doc. #23), likening Sweet's position with that of a trustee rather than a beneficiary. Thus, under the limited facts and circumstances surrounding this unique situation, the Court finds that for the purposes of this case, ETC served as merely a holding company while Sweet acted as trustee of his Self-Directed IRA. Accordingly, Sweet's suit on behalf of David Sweet IRA is proper.").

However, those cases are distinguishable from the instant matter. First, they can be factually distinguished. Indeed, those cases (which are not binding on this Court in any event) do not stand for the proposition that a custodian can never be a real party in interest. Rather, those cases focus on the relationships between the asserted parties in interest based on the specific facts of those cases. Here, Defendant makes no showing that the current Plaintiff does not have the capacity to sue. Indeed, she makes no effort to demonstrate the relationship between Mr. Hermann and PENSCO as the custodian of his IRA account, and provides no evidence of the type of account held by PENSCO for the benefit of Mr. Hermann. Moreover, as noted above, the state court found, and this Court has affirmed, that PENSCO is the beneficial owner of the mortgage note and has the authority to enforce the note. Defendant cites no Washington cases

ORDER
PAGE - 6

or other legal authority that would preclude Plaintiff from pursuing this action to enforce its interests.

Ms. Delfierro also argues that summary judgment is not appropriate because PENSCO has improperly re-recorded certain documents to correct errors with the chain of title. Dkt. #51 at 10. The Court has already ruled that claims regarding Plaintiff's ownership have been litigated and resolved in Plaintiff's favor. Dkts #48 at 5 (citing Dkt. #34, Exhibit E at sub-exhibit H). As the Court previously explained:

> After hearing evidence and argument in a bench trial, state court Judge Carol A. Schapira concluded that "PENSCO is the beneficial owner of the Note and Deed of Trust with power and authority to enforce the same." *Id.* While the record reflects that multiple Assignments of Deeds of Trust were rerecorded in 2015 to "correct recording sequence," dkt. #34, Ex. E at sub-exhibits D, E and G, Judge Schapira noted that the documents had not been recorded at the time of her decision, but reached the same conclusion with respect to PENSCO's interest in the Note. *Id.* ("Although this particular Assignment of Deed of Trust has not yet been recorded, it remains valid between the signatories," . . . . "The Court finds Plaintiff has not proven there is any other claimant other than PENSCO to the beneficial interest in her Note and Deed of Trust.").

Dkt. #48 at 5. This Court concluded that Defendant Delfierro's claim that recording errors preclude foreclosure of her property is barred by the doctrine of *res judicata*. For the same reasons, Defendant is barred from raising the claim as a defense to foreclosure on summary judgment.

For all of these reasons, the Court agrees with Plaintiff that summary judgment in its favor is appropriate.

### C. Defendant Delfierro's Motion

In her motion for summary judgment, Ms. Delfierro raises only the standing issue addressed above. Dkt. #45. Because the Court has rejected that argument, Defendant's Motion for Summary Judgment must be denied.

ORDER
PAGE - 7

## IV. CONCLUSION

Having reviewed the parties' cross Motions for Summary Judgment, the documents in support thereof and in opposition thereto, and the remainder of the record, the Court hereby ORDERS:

1.  Plaintiff's Motion for Summary Judgment (Dkt. #44) is GRANTED.

2.  Defendant's Motion for Summary Judgment (Dkt. #45) is DENIED.

3.  This matter is now CLOSED.

DATED this 11th day of August 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE