UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENSCO TRUST COMPANY CUSTODIAN FBO JEFFREY D. HERMANN, IRA ACCOUNT NUMBER 20005343,<br><br>Plaintiff,<br>v.<br><br>LORINA DEL FIERRO; FIA CARD SERVICES, INC.; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; AND PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,<br><br>Defendants. | CASE NO. C16-01926RSM<br><br>ORDER GRANTING IN PART MOTION FOR JUDGMENT AND DIRECTING SUPPLEMENTAL BRIEFING |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff PENSCO Trust Company, f/b/o Jeffrey D. Herman ("PENSCO")'s motion for judgment totaling $1,311,851.13. Dkt. #65. Defendant Lorina Del Fierro ("Del Fierro") does not dispute that entry is proper but argues that more substantive support for the amount requested is warranted. Dkt. #67. For the reasons set forth below, the Court GRANTS IN PART Plaintiff's motion for judgment.

//

//

ORDER GRANTING IN PART MOTION FOR JUDGMENT AND DIRECTING SUPPLEMENTAL BRIEFING

## II.   BACKGROUND

### A. Procedural Background

In 2007, Defendant Del Fierro refinanced a mortgage on the property at 4009 SW 323rd Street, Federal Way, Washington ("the Property") in the amount of $572,850.00. The loan involved in this action is evidenced by an adjustable rate note dated July 16, 2007 ("the Note"), secured by a Deed of Trust and recorded as Instrument No. 2007072002339 ("the Loan"), with an original principal amount of $572,850. Dkt. #66 at ¶ 3. Del Fierro defaulted on the Loan in early 2009 and, after lengthy litigation, Plaintiff filed this action in King County Superior Court on November 14, 2016, seeking a judicial foreclosure on the Property. Dkt. #4. On December 16, 2016, Defendant Del Fierro removed the action to this Court.

Defendant FIA Card Services, Inc. ("FIA") failed to appear in this matter, and on March 15, 2017, this Court granted Plaintiff's motion for an order of default as to FIA. Dkt. #24. Parties stipulated to the dismissal of Defendant United States Internal Revenue Service ("IRS") on the basis that parties agreed that the IRS' interest in the Property was valid and subordinate to that of Plaintiff's interest and may be foreclosed upon in this action. Dkt. #16 at 2. On August 11, 2017, this Court granted Plaintiff's motion for summary judgment and denied Defendant Del Fierro's motion for summary judgment, with judgment in favor of Plaintiff entered the same day. Dkts. #55, #56. Defendants subsequently appealed to the U.S. Court of Appeals for the Ninth Circuit, and the Ninth Circuit affirmed this Court's summary judgment order on August 16, 2018. Dkt. #64.

### B. Judgment Award

Following entry of judgment, parties' attempts to agree to any sale of the Property failed. Consequently, on June 24, 2020, Plaintiff filed the instant motion for entry of judgment against Defendants. Dkt. #65. Specifically, Plaintiff seeks a final judgment amount "that can be provided

ORDER GRANTING IN PART MOTION FOR JUDGMENT AND DIRECTING SUPPLEMENTAL BRIEFING

to the sheriff for execution" at the foreclosure sale. Dkt. #72 at 2. In support of the judgment amounts sought, Plaintiff provides a declaration from Jeffery D. Herman, the beneficiary of the IRA account for which PENSCO acts as custodian. Dkt. #66. Specifically, Plaintiff seeks the following amounts owing on the Loan:

| Item | Amount |
|---|---|
| Principal balance due as of April 5, 2010 (date of Defendant's Chapter 13 bankruptcy filing) | $679,017.30 |
| Interest accrued after filing of bankruptcy case through February 2020 | $530,507.56 |
| Credit for adequate protection payments made in bankruptcy case | ($17,541.43) |
| Credit for insurance and tax payments made in bankruptcy case | ($9,679.79) |
| Payment of real property taxes and foreclosure costs of King County | $69,547.49 |
| Payment of counsel fees and expenses | $60,000 |
| TOTAL | $1,311,851.13 |

Dkt. #66 at ¶14. Plaintiff supports these amounts with Mr. Herman's declaration that recites the amounts due. *See* Dkt. #66. Defendant Del Fierro does not dispute that entry of judgment is proper. Dkt. #67 at 3 ("Ms. Delfierro recognizes at the end, the relevant holding was that Pensco was holder of the note and as such it was authorized to act as owner of the note."). However, she opposes the amounts on the basis that Plaintiff has failed to provide sufficient evidence to support each of its requests. Dkt. #68. To that end, she opposes granting Plaintiff's motion "in its current form." *Id.* at 4.

### III.   DISCUSSION

#### A. Legal Standard

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, a motion for default may be made. Fed. R. Civ. P. 55(a). Rule 55 likewise provides that judgment after default may be entered "[i]f the plaintiff's claim is for a sum certain

or a sum that can be made certain by computation . . . ." Fed. R. Civ. P. 55(b)(1). However, "[r]elatively few cases have raised the question of what qualifies as a 'sum certain' for the purposes of Rule 55(b)"). *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 928–29 (9th Cir. 2004) (quoting *Byrd v. Keene Corp.,* 104 F.R.D. 10, 12 (E.D. Pa. 1984) (internal quotations omitted)). Relying on the First Circuit's reasoning in *KPS & Assocs., Inc. v. Designs By FMC, Inc.,* the Ninth Circuit concluded that "a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Id.* (citing 318 F.3d 1, 19 n.7 (1st Cir. 2003)).

**B. Analysis**

Defendant Del Fierro's objections to Plaintiff's request for judgment are, for the most part, unavailing. She insists "[t]here are documents that would have been helpful in getting an overall understanding of the nature and amount of the judgment [such as] [t]he Note, Deed of Trust, relevant bankruptcy papers." Dkt. #68 at 2. Not only does Defendant have access to these documents to corroborate the amounts set forth in the Herman declaration, but most of them were attached to the complaint and referenced throughout the litigation. *See* Dkt. #1-1 at 14-21 (Note); 23-45 (Deed of Trust); 46-60 (recorded assignments). As set forth below, the Court finds that Plaintiff has provided ample information on several of its requested amounts to support entry of judgment. As to the amounts requested for King County costs and attorney's fees, the Court directs parties to confer and file supplemental briefing.

1. Principal Balance as of April 2010 Bankruptcy

First, the principal amount of $571,872.73 has been stated numerous times throughout this litigation, including in the complaint, Dkt. #1-1 at 7 and the Note itself. Dkt. #1-1 at 15. The Note also sets forth the interest rate on the loan as a variable rate, with the lowest rate being 9.2% per annum. *Id.* Thus, determining interest at the lowest rate is merely a calculation: $52,612.29 per year, which equals $4,384.36 per month. Dkt. #66 at ¶¶ 7-8. As a result, the balance due as of April 5, 2010 is calculated as $679,017.30, which includes principal, interest, late charges, foreclosure fees, foreclosure costs and legal fees as set forth in the Proof of Claim filed in Defendant's bankruptcy case. Dkt. #66 at ¶ 7. Defendant has raised no specific challenge to this

ORDER GRANTING IN PART MOTION FOR JUDGMENT AND DIRECTING SUPPLEMENTAL BRIEFING

amount. *Id.* (Noting that balance of Loan as of the date of commencement of Defendant's bankruptcy case "was not objected to nor disputed by Defendant"). In light of the extensive evidence attached to the complaint and the explanation of calculations set forth in the Herman declaration, the Court finds Defendant's vague and generalized objections to this amount unavailing. *See Franchise Holding II, LLC.*, 375 F.3d at 929 ("While HRG takes issue with the accuracy of some of these figures, it never gave the district court any specifics about how these figures were wrong or how its own calculation would differ from Franchise Holding's calculation.").

### 2. Accrued Interest

Next, the interest accrued from May 2010 through May 2020 (121 months) is a straightforward calculation: $4,384.36 per month times 121 months, totaling $530,507.56. Dkt. #66 at ¶ 13. Again, Defendant's vague and generalized objections fail to direct the court to any error in Plaintiff's calculations. *Franchise Holding II, LLC.*, 375 F.3d at 929.

### 3. Credit Amounts

Finally, Plaintiff has deducted certain credit amounts to Defendant for adequate protection payments and insurance and taxes, totaling $17,541.43 and $9,679.79, respectively. Dkt. #66 at ¶ 9. Defendant made these payments herself and thus could easily contest them should she dispute Plaintiff's calculations. Again, she has made no specific challenge to these amounts or otherwise explained why Plaintiff's stated amounts are erroneous.

For these reasons, the Court finds that Plaintiff has provided sufficient information on the amounts set forth above to support entry of judgment in the amount of **$1,182,303.64**, which comprises (1) the principal balance due as of April 2010; (2) accrued interest from May 2010 through May 2020; and (3) deducted credit amounts to Defendant.

### 4. Costs paid to King County and Attorney's Fees

The Court finds two amounts not readily ascertainable from the pleadings and existing documents: (1) the March 2019 real property taxes and foreclosure costs of King County Plaintiff paid, totaling $69,547.49, and (2) counsel's fees and costs incurred by the lender in enforcing the terms of the Deed of Trust, which Plaintiff "conservatively estimates" as $60,000. Dkt. #66 at ¶¶

ORDER GRANTING IN PART MOTION FOR JUDGMENT AND DIRECTING SUPPLEMENTAL BRIEFING

11-12. Plaintiff has provided no way to corroborate these amounts nor explained the underlying calculations it used for determining the amounts due. *Cf. Franchise Holding II, LLC.*, 375 F.3d at 929 (Entering judgment where clerk was presented "with documents that set forth the specific formulas for determining the amount owed [and] also provided documents setting forth the various amounts necessary for calculating the total amount due."). For these reasons, the Court directs parties to meet and confer, then file supplemental briefing, not to exceed four (4) pages, as to these remaining amounts. Any supporting declarations or exhibits attached to the supplemental briefing are excluded from the four-page limit.

### IV.  CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART Plaintiff's Motion for Judgment.

(1) Plaintiff shall be awarded judgment against defendant, Lorina Del Fierro, <u>In Rem</u> in the sum of **$1,182,303.64**, plus additional amounts for post-judgment costs to be determined at the time of sale; and

(2) The Court DIRECTS parties to meet and confer, then file supplemental briefing, as to (a) the March 2019 real property taxes and foreclosure costs of King County, totaling $69,547.49; and (b) counsel's fees and costs incurred by the lender in enforcing the terms of the Deed of Trust, totaling $60,000. This supplemental briefing shall not exceed four (4) pages, excluding any supporting declarations and/or exhibits. **This briefing is due no later than twenty-one (21) days from the date of this Order.**

DATED this 21st day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR JUDGMENT AND DIRECTING SUPPLEMENTAL BRIEFING