1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

| | |
|---|---|
| PENSCO TRUST COMPANY CUSTODIAN FBO JEFFREY D. HERMANN, IRA ACCOUNT NUMBER 20005343,<br><br>              Plaintiff,<br><br>        v.<br><br>LORINA DEL FIERRO, *ET AL.*,<br><br>              Defendants. | CASE NO. C16-01926RSM<br><br>ORDER GRANTING PLAINTIFF'S REVISED MOTION FOR JUDGMENT AND DIRECTING REVISED PROPOSED ORDER |

17

## I.    INTRODUCTION

18

19

20

21

22

23

24

This matter comes before the Court on Plaintiff PENSCO Trust Company, f/b/o Jeffrey D. Herman ("PENSCO")'s motion for entry of judgment, Dkt. #65, and this Court's previous order directing supplemental briefing, Dkt. #73.   Having reviewed Plaintiff's motion, Defendant Lorina Del Fierro's Response, Plaintiff's Reply, and Plaintiff's supplemental briefing, the Court GRANTS Plaintiff's revised motion for judgment as set forth in its supplemental briefing, Dkt. #78, as follows.

25

//

26

//

27

28

ORDER GRANTING PLAINTIFF'S
REVISED MOTION FOR JUDGMENT AND
DIRECTING REVISED PROPOSED
ORDER - 1

## II.    BACKGROUND

In 2007, Defendant Del Fierro refinanced a mortgage on the property at 4009 SW 323rd Street, Federal Way, Washington ("the Property") in the amount of $572,850.00.   The loan involved in this action is evidenced by an adjustable rate note dated July 16, 2007, secured by a Deed of Trust and recorded as Instrument No. 2007072002339 ("the Loan"), with an original principal amount of $572,850.  Dkt. #66 at ¶ 3.  Del Fierro defaulted on the Loan in early 2009 and, after lengthy litigation, Plaintiff filed this action in King County Superior Court on November 14, 2016, seeking a judicial foreclosure on the Property.  *See* Dkt. #4.  Defendants subsequently removed the action to this Court.  Dkt. #1.

On August 11, 2017, this Court granted PENSCO's motion for summary judgment and denied Defendant Del Fierro's motion for summary judgment, with judgment in favor of Plaintiff entered the same day.  Dkts. #55, #56.  Defendant Del Fierro subsequently appealed to the U.S. Court of Appeals for the Ninth Circuit, and the Ninth Circuit affirmed this Court's summary judgment order on August 16, 2018.  Dkt. #64.  Following entry of summary judgment in favor of PENSCO, parties' attempts to agree to any sale of the Property failed.  Consequently, on June 24, 2020, Plaintiff moved for entry of judgment against Defendants.  Dkt. #65.  Specifically, Plaintiff seeks a final judgment amount "that can be provided to the sheriff for execution" at the foreclosure sale.  Dkt. #72 at 2.  Defendant did not dispute that entry of judgment was proper but argued that more substantive support for the amount requested was warranted.  Dkt. #67.

On August 21, 2020, this Court granted in part Plaintiff's motion for judgment and found that PENSCO should be awarded judgment against defendant Lorina Del Fierro in the amount of $1,182,303.64.   Dkt. #73.   The Court also directed parties to meet and confer, then file supplemental briefing as to two remaining amounts: (a) the March 2019 real property taxes and

ORDER GRANTING PLAINTIFF'S
REVISED MOTION FOR JUDGMENT AND
DIRECTING REVISED PROPOSED
ORDER - 2

foreclosure costs of King County, totaling $69,547.49; and (b) counsel's fees and costs incurred by the lender in enforcing the terms of the Deed of Trust, totaling $60,000.  *Id.* at 6.

PENSCO filed supplemental briefing on September 25, 2020, agreeing to waive any amount arising from the March 2019 tax payments and legal fees.  Dkt. #78.  PENSCO now requests entry of judgment in the amount of **$1,182,303.64,** plus additional amounts for post-judgment costs to be determined at the time of sale.  *Id.*  That same day, Defendant Del Fierro requested a time extension to file supplemental material by September 28, 2020—three days after parties' stipulated deadline.  Dkt. #79; *see also* Dkt. #77.

PENSCO has not opposed Defendant's time extension request.  However, as of the date of this Order, Defendant has not filed any supplemental briefing opposing the judgment amount or the terms of the judgment summary proposed by Plaintiffs.  *See* Dkt. #78 at 2-4.  Accordingly, Defendant's time extension request, Dkt. #79, is terminated as moot.

### III.    DISCUSSION

#### A.  Judgment Amount

This Court previously determined that PENSCO supported its requested judgment for $1,182,303.64 with "ample information," including the principle balance due as of April 5, 2010, interest accrued from April 5, 3010 through February 2020, minus the credit for payments related to the bankruptcy case.  *See* Dkt. #73 at 3-6 (setting forth amounts).  Despite numerous opportunities to dispute PENSCO's calculations or direct the Court to any error in Plaintiff's calculations, Defendant has failed to meaningfully challenge Plaintiff's proposed judgment amount. *See id.* at 5 (finding Defendant's objections "vague and generalized"); *see also Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004) ("While HRG takes issue with the accuracy of some of these figures, it never gave the district court any

ORDER GRANTING PLAINTIFF'S
REVISED MOTION FOR JUDGMENT AND
DIRECTING REVISED PROPOSED
ORDER - 3

specifics about how these figures were wrong or how its own calculation would differ from Franchise Holding's calculation.").  Accordingly, Plaintiff is awarded judgment in the sum of **$1,182,303.64,** plus additional amounts for post-judgment costs to be determined at the time of sale.

### B. Post-Judgment Interest Rate

PENSCO's proposed Judgment Summary lists the applicable judgment interest rate as twelve percent. *See* Dkt. 78 at 3 ("Plaintiff may add post-judgment amounts for interest at the statutory 12.0% post judgment rate listed above from the date this order is entered, due at the time of the sheriff's sale of the Subject Property.")  Twelve percent is the appropriate interest rate in state court, but "[i]t has long been the rule that an award of post-judgment interest is procedural in nature and thereby dictated by federal law." *In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002) (citing *Hanna v. Plumer*, 380 U.S. 460, 473–74 (1965)).  "In diversity actions brought in federal court a prevailing plaintiff is entitled to pre-judgment interest at state law rates while post-judgment interest is determined by federal law." *Id.* (citing *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988).  The federal rate of interest on a judgment is governed by 28 U.S.C. § 1961 and adopts the applicable treasury rate published by the Board of Governors of the Federal Reserve.  *See* 258 Siegel's Prac. Rev. 1 (2013).  Accordingly, Plaintiff shall submit a revised proposed order within **fourteen (14) days** from the date of this Order setting out the applicable post-judgment interest rate pursuant to federal law.

### IV.    CONCLUSION

Having reviewed PENSCO's Motion for Judgment, Dkt. #65, Defendant Del Fierro's Response, Dkt. #67, PENSCO's supplemental briefing, Dkt. #78, and the remainder of the record, the Court finds and ORDERS:

ORDER GRANTING PLAINTIFF'S
REVISED MOTION FOR JUDGMENT AND
DIRECTING REVISED PROPOSED
ORDER - 4

(1) Defendant Del Fierro's Motion for Extension of Time, Dkt. #79, is terminated as moot.

(2) Plaintiff PENSCO's revised Motion for Judgment set forth in its supplemental briefing, Dkt. #78, is GRANTED.  PENSCO's revised proposed order containing the detail set forth above is due within **fourteen (14) days** from the date of this Order.

DATED this 13th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S
REVISED MOTION FOR JUDGMENT AND
DIRECTING REVISED PROPOSED
ORDER - 5